361 Broadway Assoc. Holdings, LLC v Foundations Group I, Inc. (2022 NY Slip Op 06571)

361 Broadway Assoc. Holdings, LLC v Foundations Group I, Inc.

2022 NY Slip Op 06571

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 651150/17 Appeal No. 16704-,16705-,16705A Case No. 2021-03529 2021-03538 2021-04422 

[*1]361 Broadway Associates Holdings, LLC, Plaintiff-Appellant-Respondent,
v
Foundations Group I, Inc., Formerly Known as Foundations Groups, Inc., Defendant-Respondent-Appellant. 

Rich, Intelisano & Katz, LLP, New York (Daniel E. Katz of counsel), for appellant-respondent.
Law Office of Joseph J. Hocking LLC, New York (Joseph J. Hocking of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about July 12, 2021, which denied the parties' cross motions to extend the time to file the note of issue and defendant's motion for leave to complete discovery and depose plaintiff's expert, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the note of issue deadline extended 60 days from the date hereof and defendant granted leave to complete discovery and depose plaintiff's expert within that time. Appeal from orders, same court and Justice, entered on or about August 11, 2021 and October 27, 2021, which granted defendant's motion to vacate the note of issue filed by plaintiff on July 13, 2021, and denied plaintiff's motion for leave to renew, unanimously dismissed, without costs, as moot.
The motion court improvidently denied the motions of both parties to extend the deadline to file the note of issue and to complete discovery since discovery was not complete. Under the circumstances, the court's denial of plaintiff's motion left the parties in limbo where they could neither move forward to trial nor complete the discovery necessary to move forward to trial, thereby frustrating the strong public policy favoring open disclosure to allow the parties to adequately prepare (CPLR 3101[a]; see Andon v 302-304 Mott St. Assoc. , 94 NY2d 740, 746 [2000]). Additionally, as defendant demonstrated a need for additional discovery and to depose plaintiff's expert, who was hired to calculate damages in this commercial case, its motion should have been granted (see 22 NYCRR 202.70, Rule 13[c]; Han v Chen , 2022 NY Misc LEXIS 2391, *9 [Sup Ct, NY County 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022